# EXHIBIT A

## A TRUE AND CORRECT COPY OF ALL PROCESS, PLEADINGS, AND ORDERS FILED IN THE CIVIL CASE

State Court of Fulton County
**E-FILED**
24EV010213
11/13/2024 4:39 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __FULTON__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
SOLOMON    LARRY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
FARAPOINT

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last BRASFIELD & GORRIE, LLC | First | Middle I. | Suffix | Prefix |
| Last BRASFIELD & GORRIE, L.P. | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney __SAM LAGUDA__    Bar Number __431088__    Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
24EV010213
11/13/2024 4:39 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LARRY SOLOMON**<br>Plaintiff | *<br>*<br>* |
| vs. | *    **CIVIL ACTION FILE NUMBER**<br>*<br>*<br>* |
| **FAROPOINT, BRASFIELD & GORRIE**<br>**LLC, BRASFIELD & CORRIE, LP**<br>and **JOHN DOE**<br>Defendants. | *<br>*<br>*<br>* |

## COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY
## AND JURY DEMAND

COMES NOW, LARRY SOLOMON (hereinafter "Plaintiff"), by and through undersigned counsel, files this complaint for Negligence, Premises Liability and Jury Demand against Defendants Faropoint, Brasfield & Gorrie, LLC, Brasfield and Gorrie, LP, and John Doe, and shows the Court as follows:

1.

That Plaintiff Larry Solomon is a resident of Cobb County, State of Georgia and at all times material herein, Plaintiff resided at: ███████████████████ ███.

2.

That upon information and belief, Defendant Faropoint is a Delaware Corporation, but conducting business in the State of Georgia, with its principal place of business located at 111 River Street, 10th Floor, Suite 101, Hoboken, NJ 07030.

3.

That Defendant Faropoint may be served with Summons and Process through its Registered Agent, Rebekah Snider at 3565 Piedmont Road, Building 4, Suite 320, Atlanta, GA 30305, County of Fulton.

4.

That Defendant Brasfield and Gorrie, LLC, is a Foreign Limited Liability Company, incorporated in the State of Delaware, and does business in Fulton County, Georgia.

5.

That Defendant Brasfield and Gorrie, LLC may be served with Summons and Process through its Registered Agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, County of Gwinnett.

6.

That Defendant Brasfield and Gorrie, L.P., is a Foreign Limited Liability Company, incorporated in the State of Delaware, and does business in Fulton County, Georgia.

7.

That Defendant Brasfield and Gorrie, L.P. may be served with Summons and Process through its Registered Agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, County of Gwinnett

8.

That Defendant John Doe, whose identity and whereabouts are currently unknown, is subject to the jurisdiction and venue of this Court. Defendant John Doe will be named and served with Summons and Complaint once the respective identity is revealed.

9.

That this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants, thus Defendants are subject to the jurisdiction of this Court and venue is proper as the incident occurred in Fulton County, Georgia.

## FACTUAL BACKGROUND

10.

That at all times material in this action, Plaintiff was employed by Brasfield & Gorrie LLC and Brasfield & Gorrie L.P., (hereinafter "Employer") and which operate out of the premises located at 2005 Marietta Road, Atlanta, Georgia 30318.

11.

That at all times material in this action, the Premises located at 2005 Marietta Road, Atlanta, Georgia 30318 is owned and managed by Defendant Faropoint.

12.

That Plaintiff Larry Solomon, as employee of Brasfield & Gorrie, reports and performs duties assigned by Employer Brasfield & Gorrie at the premises owned by Defendant Faropoint, that is the subject of this Complaint.

13.

That on or about February 12, 2024, Plaintiff was lawfully on the premises located at 2005 Marietta Road, Atlanta, Georgia 30318, and said premises was owned, managed or controlled by Defendant Faropoint.

14.

That Plaintiff was present on the premises as an invitee and or licensee, for the purpose of performing duties for Employer Brasfield and Gorrie, which operates out of said location.

15.

That at the time of the incident, which is the subject matter of this Complaint, the premises owned and controlled by Defendant Faropoint, contained a dangerous and hazardous condition, specifically, Defendant Faropoint negligently failed to provide bumper blocks, parking curbs, wheel blocks, wheel stops or parking bumps for all parking spaces provided for the use of its invitees and licensees.

16.

That on or about February 12, 2024, Plaintiff Larry Solomon reported for duty, drove into one of the parking spaces provided by Defendant Faropoint only for plaintiff's vehicle to roll down into a ditch as there were no bumper blocks, parking curbs, wheel blocks, wheel stops, or parking bumps provided by Defendant Faropoint to prevent Plaintiff's vehicle from rolling down into the ditch.

17.

That Defendants Brasfield and Gorrie knew or should have known of the dangerous conditions present on the premises and continued unabatedly to have employees, including Plaintiff in this case to work out of that location and premises.

18.

That Defendants individually and collectively, knew or should have known about the dangerous condition but failed to take proper actions to remedy the condition or warn Plaintiff of its existence.

19.

That as a direct and proximate result of Defendants negligence in failing to maintain a safe environment by providing bumper blocks, parking curbs, wheel blocks, wheel blocks, wheel stops, or parking bumps, or any other preventive measure, Plaintiff suffered injuries,

including but not limited to broken ribs, broken wrists, broken bones, head injury, shoulder injury and general body pain.

20.

That as a direct and proximate result of Defendants negligence in failing to maintain a safe environment by failing to provide bumper blocks, parking curbs, wheel blocks, wheel stops, or parking bumps, Plaintiff was hospitalized at the Atlanta Grady Memorial Hospital for about sixteen (16) days for surgical treatment of the various injuries sustained on Defendant's premises.

21.

That Defendant Faropoint owed a duty of care to Plaintiff, as an invitee and or licensee, to exercise ordinary care in keeping the premises and approaches safe pursuant to O.C.G.A. § 51-3-1.

22.

That Defendant breached this duty by failing to take preventative measures, such as but not limited to the following:

a) Properly inspect and maintain the premises to ensure it was free of dangerous conditions;

b) Warn Plaintiff and other lawful visitors of the existence of the hazardous condition;

c) Remedy or correct the dangerous condition in a timely manner; and

d) Exercise reasonable care in maintaining the premises.

23.

That as a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries, emotional distress, and incurred medical expenses, lost wages, and other damages, including future medical expenses.

## DAMAGES

### 24.

That as a result of Defendant's negligence, Plaintiff has suffered damages, including but not limited to:

a) Past and future medical expenses;

b) Lost wages and loss of earning capacity;

c) Physical pain and suffering;

d) Mental and emotional distress;

e) Permanent impairment and disfigurement; and

f) Other damages to be proven at trial.

**WHEREFORE**, having set forth his complaint, Plaintiff prays that this Court:

(a) Cause summons and process to issue as required by law.

(b) Empanel a jury to try all questions of fact.

(c) That Plaintiffs recover all special damages, including medical expenses both past and future, lost wages and loss of earning capacity, as alleged above and to be proven at trial.

(d) That Plaintiff recovers for pain and suffering, both physical and mental and other damages in an amount to be determined by the enlightened conscience of the jury.

(e) Award Plaintiffs punitive damages, exemplary damages, and any enhanced damages allowed by law or authorized by statute, rule, or regulation arising out of Defendants' misconduct and breaches.

(f) That the Court cast all costs against Defendants; and

(g) Award such further and other relief as this Court deems just and proper.

This _____ day of _____ 2024.

Respectfully submitted,

/s/ Sam Laguda
Sam Laguda, Esq.
Attorney for Plaintiffs
GA Bar No.: 431088

The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**11/13/2024 4:39 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

SOLOMON LARRY
_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

BRASFIELD & GORRIE, L.P.

C T Corporation System 289 Culver St

Lawrenceville   GA        30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sam Laguda, Esq.

Address: 2400 Herodian Way, Suite 145

City, State, Zip Code: Smyrna, GA 30080          Phone No.: 4046070507

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
24EV010213
11/13/2024 4:39 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LARRY SOLOMON** <br> Plaintiff | * <br> * <br> * | |
| vs. | * <br> * <br> * <br> * | **CIVIL ACTION FILE NUMBER** |
| **FAROPOINT, BRASFIELD & GORRIE** <br> **LLC and JOHN DOE** <br> Defendants. | * <br> * <br> * | |

### VERIFICATION

I, LARRY SOLOMON, personally appeared before the undersigned Notary Public, and say under oath that I am the Plaintiff in the above-styled action and that the facts stated in this Complaint are true and correct.

This 13th day of November, 2024.

LARRY SOLOMON (Plaintiff)

Sworn to and subscribed before me this 13 of November, 2024.

Notary Public.
My Commission Expires: 7/22/26

24EV010213

## STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Sam Laguda, Esq.
2400 Herodian Way # 145
Smyrna, GA 30080
(404) 607-0507

**Attorney or Plaintiff Name and Address**

| DO NOT WRITE IN THIS SPACE |
|---|
| NOV 2 5 REC'D |

LARRY SOLOMON

FILED IN OFFICE

VS.  DEC 0 3 2024  FAROPOINT c/o Rebekah Snider
3565 Piedmont Road, Bldg. 4 Ste. 320
Atlanta, GA 30305

DEPUTY CLERK, STATE COURT
FULTON COUNTY, GA

**Name and Address of PLAINTIFF**

**Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____

**DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____

**DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _Fara Point_ , a corporation, by leaving a copy

of the within action and summons with _Joseph Kortic_ in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This _2_ day of _Dec_ , _2024_

**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____

**DEPUTY MARSHAL**

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**12/10/2024 9:55 AM**
**Donald Talley, Clerk**
**Civil Division**

24EV010213

## STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

Sam Laguda, Esq.
2400 Herodian Way # 145
Smyrna, GA 30080
(404) 607-0507

**Attorney or Plaintiff Name and Address**

LARRY SOLOMON

VS.

FAROPOINT c/o Rebekah Snider
3565 Piedmont Road, Bldg. 4 Ste. 320
Atlanta, GA 30305

**Name and Address of PLAINTIFF**

**Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____ _____

**DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____ , a _____

_____ described as follows:

Age, about _____ years, weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s)

This _____ day of _____ _____

**DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _Fara Point_ , a corporation, by leaving a copy

of the within action and summons with _Joseph Kovtic_ in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This _2_ day of _Dec_ _2024_

**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

_____

Not to be found in the jurisdiction of said Court for the following reason:

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____ _____

**DEPUTY MARSHAL**

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**12/10/2024 2:04 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LARRY SOLOMON**<br>   **Plaintiff**<br><br>**v.**<br><br>**FAROPOINT, BRASFIELD & GORRIE LLC, BRASFIELD & CORRIE, LP and JOHN DOE**<br>     **Defendants.** | **CIVIL ACTION**<br>**FILE NO. 24EV010213** |

**STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY AND JURY DEMAND**

COMES NOW, Larry Solomon, by and through his undersigned counsel, and hereby stipulates and agrees that Defendant BRASFIELD & GORRIE LLC, BRASFIELD & GORRIE, LP shall have through and including Friday, January 31, 2025, to answer, move, or otherwise respond to Plaintiff's Complaint for Negligence, Premises Liability and Jury Demand, and to assert any and all claims or counterclaims that such Defendant may have.

Respectfully submitted this 10th day of December 2024.

/s/ Sam Laguda
Sam Laguda, Esq.
Georgia Bar No. 431088
**Counsel for Plaintiff**

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

-2-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the within and foregoing *Stipulation Extending Time to Respond to Plaintiff's Complaint* has been served on all parties by statutory electronic service via Odyssey eFileGA as follows:

> Scott Busby
> Christopher R. Stovall
> 8200 Roberts Drive, Suite 201
> Atlanta, Georgia 30350
> busby@busbynegin.com
> crs@busbynegin.com

Respectfully submitted this 10th day of December 2024.

> */s/ Sam Laguda*
> Sam Laguda, Esq.
> Georgia Bar No. 431088
> *Counsel for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

-2-

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**12/20/2024 2:19 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LARRY SOLOMON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CIVIL ACTION NO. 24EV010213** |
| | ) |
| FAROPOINT, BRASFIELD & GORRIE, | ) |
| LLC, BRASFIELD & CORRIE, LP, | ) |
| and JOHN DOE, | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF FAROPOINT

COMES NOW Faropoint (hereinafter "Defendant") who is improperly named, was served with a copy of the Summons and Complaint in this case, and hereby files its Answer and Affirmative Defenses and shows the Court as follows:

## FIRST DEFENSE

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

## PARTIES AND JURISDICTION

1.

Faropoint can neither admit nor deny the allegations contained in paragraph 1 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

2.

Faropoint admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Faropoint admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

1

4.

Faropoint can neither admit nor deny the allegations contained in paragraph 4 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

5.

Faropoint can neither admit nor deny the allegations contained in paragraph 5 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

6.

Faropoint can neither admit nor deny the allegations contained in paragraph 6 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

7.

Faropoint can neither admit nor deny the allegations contained in paragraph 7 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

8.

Faropoint can neither admit nor deny the allegations contained in paragraph 8 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

9.

Faropoint denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

2

**FACTUAL BACKGROUND**

10.

Faropoint can neither admit nor deny the allegations contained in paragraph 10 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

11.

Faropoint denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Faropoint can neither admit nor deny the allegations contained in paragraph 12 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

13.

Faropoint denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Faropoint can neither admit nor deny the allegations contained in paragraph 14 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

15.

Faropoint denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Faropoint denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Faropoint can neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

18.

Faropoint denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Faropoint denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Faropoint denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Faropoint denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Faropoint denies the allegations contained in paragraph 22 (a-d) of Plaintiff's Complaint.

23.

Faropoint denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

**DAMAGES**

24.

Faropoint denies the allegations contained in paragraph 24 (a-f) of Plaintiff's Complaint. and denies that Plaintiff is entitled to any relief from this Defendant as pled therein.

4

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Faropoint upon which relief can be granted.

## THIRD DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to the negligence of some person, persons or entity other than Faropoint, and therefore Plaintiff is not entitled to recover anything from this Faropoint.

## FOURTH DEFENSE

Faropoint breached no duty owed to Plaintiff or to any third party and had no special relationship with the Plaintiff such as would give rise to any duty.

## FIFTH DEFENSE

No act or omission on the part of Faropoint caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Faropoint.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages, therefore, his claims are barred.

## SEVENTH DEFENSE

At the time and place and under the circumstances referred to in the said Complaint, Plaintiff conducted himself in a negligent and careless manner and way, and his said negligence and carelessness was the sole proximate cause of or proximately contributed to the happening described therein and to the injuries and damages complained of; wherefore, Plaintiff is either barred of recovery against CCWA, or his recovery should be comparatively reduced against it.

5

**EIGHTH DEFENSE**

Plaintiff's injuries and damages, if any, were caused by others and not by any action or inaction on the part of Faropoint.

**NINTH DEFENSE**

The named Defendant Faropoint is an improperly named entity and owed no duty to the Plaintiff.

WHEREFORE, Faropoint, having fully responded to Plaintiff's Complaint and Demand for Jury Trial, hereby prays that it be discharged without costs.

**FAROPOINT DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE.**

This 20th day of December, 2024.

CAROTHERS & MITCHELL, LLC

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendant Faropoint

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
F:  (770) 932-6348
elaine.seymour@carmitch.com
thomas.mitchell@carmitch.com

6

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LARRY SOLOMON,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    **CIVIL ACTION NO. 24EV010213**
                                        )
FAROPOINT, BRASFIELD & GORRIE,)
LLC, BRASFIELD & CORRIE, LP,    )
and JOHN DOE,                           )
                                        )
    Defendants.                         )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES OF FAROPOINT** by uploading to the Odyssey eFileGA which will automatically send e-mail notification of such filing to the following attorneys of record:

Sam Laguda, Esq.
THE LAGUDA LAW GROUP, LLC
2400 Herodian Way
Suite 145
Smyrna, GA  30080
sam@lagudalawgroup.com

Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com

This 20th day of December, 2024.

/s/ Elaine C. Seymour
ELAINE C. SEYMOUR
Georgia Bar No. 535206
Attorney for Defendant Faropoint

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
elaine.seymour@carmitch.com

7

STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | DO NOT WRITE IN THIS SPACE |
|---|---|

Sam Laguda, Esq.
2400 Herodian Way #145
Smyrna, GA 30080
(404) 607-0507

**Attorney or Plaintiff Name and Address**

LARRY SOLOMON                    VS.

BRASFIELD & GORRIE, L.L.C.
C T Corporation System, 289 S Culver Street
Lawrenceville, GA 30046

**Name and Address of PLAINTIFF**          **Name and Address of DEFENDANT**

2024 MAY 29 PM 12: 13 RECEIVED CIVIL DIV. G.C.O.

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

**DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

**DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant Brasfield + Gorrie LLC , a corporation, by leaving a copy
of the within action and summons with Jane Richardson in charge of the office and doing
business of said corporation, in Fulton County, Georgia.

This 25 day of Nov , 2024 . _____ 5030

**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason: _____

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

**DEPUTY MARSHAL**

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

**Service Only**

**COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| Sam Laguda, Esq. |
| 2480 Herodian Way #145 |
| Smyrna, GA 30080 |
| (404) 607-0507 |

**Attorney or Plaintiff Name and Address**

DO NOT WRITE IN THIS SPACE

LARRY SOLOMON                                VS.

BRASFIELD & GORRIE, L.P.
C T Corporation System, 289 S Culver Street
Lawrenceville, GA 30046

**Name and Address of PLAINTIFF**          **Name and Address of DEFENDANT**

2024 NOV 22 PM 12: 13 RECEIVED CIVIL DIV. EC.S.O.

## MARSHAL'S ENTRY OF SERVICE

**GEORGIA, FULTON COUNTY** — PERSONAL

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

**DEPUTY MARSHAL**

**GEORGIA, FULTON COUNTY** — NOTORIOUS

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

**DEPUTY MARSHAL**

**GEORGIA, FULTON COUNTY** — CORPORATION

Served the defendant Brasfield + Gorrier LP, a corporation, by leaving a copy

of the within action and summons with Jane Richardson in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This 25 day of Nov, 2024.

**DEPUTY MARSHAL**  Jim Car 50300

**GEORGIA, FULTON COUNTY** — BETTER ADDRESS

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:

_____

**GEORGIA, FULTON COUNTY** — NON-EST

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

**DEPUTY MARSHAL**

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

Service Only

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**1/7/2025 3:10 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LARRY SOLOMON, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | FILE NO. 24EV010213 |
| v. | ) | |
| | ) | |
| FAROPOINT, BRASFIELD & GORRIE | ) | |
| LLC, BRASFIELD & CORRIE, LP, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Uniform State Court Rule 5.2, I hereby certify that I have this day served the following discovery documents:

1.    Defendant Faropoint's First Interrogatories to Plaintiff; and

2.    Defendant Faropoint's First Request for Production of Documents to Plaintiff

upon the following via statutory electronic service to the following counsel:

Sam Laguda, Esq.
THE LAGUDA LAW GROUP, LLC
2400 Herodian Way
Suite 145
Smyrna, GA  30080
sam@lagudalawgroup.com


Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com

This 7th day of January, 2025.

/s/ Elaine C. Seymour
ELAINE C. SEYMOUR
Georgia Bar No. 535206
Attorney for Defendant Faropoint

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
elaine.seymour@carmitch.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**1/28/2025 1:24 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LARRY SOLOMON**<br><br>    **Plaintiff**<br><br>**v.**<br><br>**FAROPOINT, BRASFIELD & GORRIE LLC, BRASFIELD & CORRIE, LP and JOHN DOE**<br><br>    **Defendants.** | **CIVIL ACTION**<br>**FILE NO. 24EV010213** |

**SECOND STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY AND JURY DEMAND**

COMES NOW, Larry Solomon, by and through his undersigned counsel, and hereby stipulates and agrees that Defendant BRASFIELD & GORRIE LLC, BRASFIELD & GORRIE, LP shall have through and including Monday, March 31, 2025, to answer, move, or otherwise respond to Plaintiff's Complaint for Negligence, Premises Liability and Jury Demand, and to assert any and all claims or counterclaims that such Defendant may have.

Respectfully submitted this 28th day of January 2025.

*/s/ Sam Laguda*
Sam Laguda, Esq.
Georgia Bar No. 431088
***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the within and foregoing *Second Stipulation Extending Time to Respond to Plaintiff's Complaint* has been served on all parties by statutory electronic service via Odyssey eFileGA as follows:

> Scott Busby
> Christopher R. Stovall
> 8200 Roberts Drive, Suite 201
> Atlanta, Georgia 30350
> busby@busbynegin.com
> crs@busbynegin.com

Respectfully submitted this 28th day of January 2025.

> */s/ Sam Laguda*
> Sam Laguda, Esq.
> Georgia Bar No. 431088
> *Counsel for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

-2-

State Court of Fulton County
**E-FILED**
24EV010213
2/13/2025 2:06 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| LARRY SOLOMON | * |
|     **Plaintiff,** | * |
| | * |
| **vs.** | * |
| | * |
| | * |
| | * |
| **FAROPOINT, BRASFIELD & GORRIE** | * |
| **LLC, BRASFIELD & GORRIE, LP,** | * |
| **FIVF-III-GA1, LLC** | * |
| **and JOHN DOE** | * |
|     **Defendants.** | * |

**CIVIL ACTION FILE NO.:**
    **24EV010213**

### AMENDED COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY AND JURY DEMAND

**COMES NOW,** LARRY SOLOMON (hereinafter "Plaintiff"), by and through undersigned counsel, files this Amended Complaint for Negligence, Premises Liability and Jury Demand against Defendants Faropoint, Brasfield & Gorrie, LLC, Brasfield and Gorrie, LP, FIVF-III-GA1, LLC and John Doe, pursuant to O.C.G.A. § 9-11-15, showing this Honorable Court as follows:

1.

That Plaintiff Larry Solomon is a resident of Cobb County, State of Georgia and at all times material herein, Plaintiff resided at: ███████████████████████
███.

2.

That upon information and belief, Defendant Faropoint is a Delaware Corporation, but conducting business in the State of Georgia, with its principal place of business located at 111 River Street, 10th Floor, Suite 101, Hoboken, NJ 07030.

3.

That Defendant Faropoint may be served with Summons and Process through its Registered Agent, Rebekah Snider at 3565 Piedmont Road, Building 4, Suite 320, Atlanta, GA 30305, County of Fulton.

4.

That Defendant Brasfield and Gorrie, LLC, is a Foreign Limited Liability Company, incorporated in the State of Delaware, and does business in Fulton County, Georgia.

5.

That Defendant Brasfield and Gorrie, LLC may be served with Summons and Process through its Registered Agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, County of Gwinnett.

6.

That Defendant Brasfield and Gorrie, L.P., is a Foreign Limited Liability Company, incorporated in the State of Delaware, and does business in Fulton County, Georgia.

7.

That Defendant Brasfield and Gorrie, L.P. may be served with Summons and Process through its Registered Agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, County of Gwinnett.

8.

That upon information and belief, the New Defendant, FIVF-III-GA1, LLC, is a Foreign Limited Liability Company, incorporated in the State of Delaware, but conducting business in the State of Georgia, and with its principal record address of business located at 111 River Street, 10th Floor, Suite 101, Faropoint, Hoboken, NJ 07030.

9.

That the new Defendant, FIVF-III-GA1 LLC, maintains a physical office address in Georgia, located at 3565 Piedmont Road, NE, Building 4, Suite 320, Atlanta, GA 30305.

10.

That the new Defendant FIVF-III-GA1 LLC can be served Summons and Process through its Registered Agent, Filejet, Inc., 11175 Cicero Drive, Suite 191, Alpharetta, GA 30022-1179, County of Fulton.

11.

That Defendant John Doe, whose identity and whereabouts are currently unknown, is subject to the jurisdiction and venue of this Court. Defendant John Doe will be named and served with Summons and Complaint once the respective identity is revealed.

12.

That this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants, thus Defendants are subject to the jurisdiction of this Court and venue is proper as the incident occurred in Fulton County, Georgia.

**FACTUAL BACKGROUND**

13.

That at all times material in this action, Plaintiff was employed by Brasfield & Gorrie LLC and Brasfield & Gorrie L.P., (hereinafter "Employer") and which operate out of the premises located at 2005 Marietta Road, Atlanta, Georgia 30318.

14.

That at all times material in this action, the Premises located at 2005 Marietta Road, Atlanta, Georgia 30318 is owned and managed by Defendant Faropoint and Defendant FIVF-III-GA1 LLC.

15.

That Plaintiff Larry Solomon, as employee of Brasfield & Gorrie, reports and performs duties assigned by Employer Brasfield & Gorrie at the premises owned by Defendant Faropoint and Defendant FIVF-III-GA1 LLC, that is the subject of this Complaint.

16.

That on or about February 12, 2024, Plaintiff was lawfully on the premises located at 2005 Marietta Road, Atlanta, Georgia 30318, and said premises was owned, managed or controlled by Defendant Faropoint and Defendant FIVF-III-GA1 LLC.

17.

That Plaintiff was present on the premises as an invitee and/or licensee, for the purpose of performing duties for Employer Brasfield and Gorrie, which operates out of the said location.

18.

That at the time of the incident, which is the subject matter of this Complaint, the premises owned and controlled by Defendant Faropoint and Defendant FIVF-III-GA1 LLC, contained a dangerous and hazardous condition, specifically, Defendant Faropoint and Defendant FIVF-III-GA1 LLC, negligently failed to provide bumper blocks, parking curbs, wheel blocks, wheel stops or parking bumps for all parking spaces provided for the use of its invitees and licensees.

19.

That on or about February 12, 2024, Plaintiff Larry Solomon reported for duty, drove into one of the parking spaces provided by Defendant Faropoint and Defendant FIVF-III-GA1 LLC only for Plaintiff's vehicle to roll down into a ditch as there were no bumper blocks, parking curbs, wheel blocks, wheel stops, or parking bumps provided neither by Defendant Faropoint nor by Defendant FIVF-III-GA1 LLC, to prevent Plaintiff's vehicle from rolling down into the ditch.

20.

That Defendants Brasfield and Gorrie knew or should have known of the dangerous conditions present on the premises and continued unabatedly to have employees, including Plaintiff, in this case to work out of that location and premises with said dangerous conditions.

21.

That Defendants individually, jointly, severally and collectively, knew or should have known about the dangerous condition but failed to take proper actions to remedy the condition or warn Plaintiff of its existence.

22.

That as a direct and proximate result of Defendants' negligence in failing to maintain a safe environment by providing bumper blocks, parking curbs, wheel blocks, wheel blocks, wheel stops, parking bumps, or any other preventive measure, Plaintiff suffered injuries, including but not

limited to broken ribs, broken wrists, broken bones, head injury, shoulder injury and general body pain.

23.

That as a direct and proximate result of Defendants' negligence in failing to maintain a safe environment by failing to provide bumper blocks, parking curbs, wheel blocks, wheel stops, or parking bumps, Plaintiff was hospitalized at the Atlanta Grady Memorial Hospital for about sixteen (16) days for surgical treatment of the various injuries sustained on Defendant's premises.

24.

That Defendant Faropoint and Defendant FIVF-III-GA1 LLC owed a duty of care to Plaintiff, as an invitee and/or licensee, to exercise ordinary care in keeping the premises and approaches safe pursuant to O.C.G.A. § 51-3-1.

25.

That Defendants individually, jointly, severally and collectively breached the duty of care owed to Plaintiff by failing to take preventative measures, such as but not limited to the following:

a) Properly inspect and maintain the premises to ensure it was free of dangerous conditions;

b) Warn Plaintiff and other lawful visitors of the existence of the hazardous condition;

c) Remedy or correct the dangerous condition in a timely manner; and

d) Exercise reasonable care in maintaining the premises.

26.

That as a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries, emotional distress, and incurred medical expenses, lost wages, and other damages, including future medical expenses.

**DAMAGES**

27.

That as a result of Defendants collective negligence, Plaintiff has suffered damages, including but not limited to:

a) Past and future medical expenses;

b) Lost wages and loss of earning capacity;

c) Physical pain and suffering;

d) Mental and emotional distress;

e) Permanent impairment and disfigurement; and

f) Other damages to be proven at trial.

**WHEREFORE**, having set forth his Amended Complaint, Plaintiff prays that this Court:
(a) Cause summons and process to issue as required by law.

(b) Empanel a jury to try all questions of fact.

(c) That Plaintiffs recover all special damages, including medical expenses both past and future, lost wages and loss of earning capacity, as alleged above and to be proven at trial.

(d) That Plaintiff recovers for pain and suffering, both physical and mental and other damages in an amount to be determined by the enlightened conscience of the jury.

(e) Award Plaintiffs punitive damages, exemplary damages, and any enhanced damages allowed by law or authorized by statute, rule, or regulation arising out of Defendants' misconduct and breaches.

(f) That the Court cast all costs against Defendants; and

(g) Award such further and other relief as this Court deems just and proper.

This 11th day of February, 2025.

Respectfully submitted,


*/s/ Sam Laguda*_____
Sam Laguda, Esq.
GA Bar No.: 431088
*Attorney for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**2/13/2025 2:06 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: 24EV010213

LARRY SOLOMON

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

BRASFIELD & GORRIE, LLC

CT Corporation System, 289 S. Culver St

Lawrenceville  GA      30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sam Laguda, Esq.

Address: 2400 Herodian Way, Suite 145

City, State, Zip Code: Smyrna, GA 30080          Phone No.: 404-607-0507

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**2/13/2025 2:06 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: 24EV010213

LARRY SOLOMON

Plaintiff's Name, Address, City, State, Zip Code

vs.

BRASFIELD & GORRIE, LP

CT Corporation System, 289 S. Culver St

Lawrenceville   GA        30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |

\*\*\*\*\*\*\*\*\*\*\*\*

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sam Laguda, Esq.

Address: 2400 Herodian Way, Suite 145

City, State, Zip Code: Smyrna, GA 30080          Phone No.: 404-607-0507

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.   _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
24EV010213
11/13/2024 4:39 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY                          DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division                                  CIVIL ACTION FILE #: _____

SOLOMON LARRY
_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

FARAPOINT c/o Rebekah Snider

3565 Piedmont Road, Building 4 #320

Atlanta  GA          30305

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sam Laguda, Esq.

Address: 2400 Herodian Way, Suite 145

City, State, Zip Code: Smyrna, GA 30080          Phone No.: 4046070507

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSES MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**
Served, this __2__ day of __Dec__, 20 __24__

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**2/13/2025 2:06 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division                              CIVIL ACTION FILE #: 24EV010213

LARRY SOLOMON

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

VS.

FIVF-III-GA1, LLC

c/o Filejet, Inc., 11175 Cicero Dr.,Ste.191

Alpharetta  GA        30022

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sam Laguda, Esq.

Address: 2400 Herodian Way, Suite 145

City, State, Zip Code: Smyrna, GA 30080          Phone No.: 404-607-0507

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____
                                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
24EV010213
2/13/2025 2:06 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **LARRY SOLOMON** | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **CIVIL ACTION FILE NO.:** |
| | * | **24EV010213** |
| | * | |
| | * | |
| **FAROPOINT, BRASFIELD & GORRIE** | * | |
| **LLC, BRASFIELD & GORRIE, LP,** | * | |
| **FIVF-III-GA1, LLC** | * | |
| **and JOHN DOE** | * | |
| Defendants. | * | |

## VERIFICATION

I, LARRY SOLOMON, personally appeared before the undersigned Notary Public, and

say under oath that I am the Plaintiff in the above-styled action and that the facts stated in this

*Amended Complaint* are true and correct.

This  11  day of  February , 2025.

*Larry O Solomon.*

LARRY SOLOMON (Plaintiff)

Sworn to and subscribed before me
this  11  of  February , 2025.

Notary Public.
My Commission Expires: 7/22/26

SILVIA DANIELS
MY COMMISSION EXPIRES
JULY
22
2026
COBB COUNTY, GA.
NOTARY PUBLIC

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**2/21/2025 10:54 AM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **LARRY SOLOMON** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE NO.:** |
| | * | **24EV010213** |
| | * | |
| **FAROPOINT, BRASFIELD & GORRIE** | * | |
| **LLC, BRASFIELD & GORRIE, LP,** | * | |
| **FIVF-III-GA1, LLC** | * | |
| **and JOHN DOE** | * | |
| **Defendants.** | * | |

### NOTICE OF LEAVE OF ABSENCE

Pursuant to the Uniform Rule of Superior Court Number 16, SAM O. LAGUDA respectfully notifies all Judges before whom he is attorney of record for cases currently pending, all Clerks of Court and opposing counsel that the following are dates that he will be out of the office, unavailable and/or on a leave of absence. The purpose of the leave is for continuing legal education (CLE) and vacation.

Please be advised that all Judges and opposing counsel shall have ten (10) days from the date of this notice to file any objection to this notice. If no objections are filed, then said leave shall be granted. The applicant's dates of leave are as follows:

- **March 24th, 2025 – April 11th, 2025**
- **July 21st, 2025 – July 29th, 2025**
- **August 27th, 2025 – September 8th, 2025**
- **October 27th, 2025 – November 4th, 2025**
- **November 19th, 2025 – December 2nd, 2025**
- **December 17th, 2025 – January 7th, 2026**

### CERTIFICATE OF SERVICE

This is to certify that I have on this date served all Judges, Clerks of Court and opposing counsel as shown on the attached Exhibit "A" by hand delivery, statutory E-file and/or by depositing a copy of this Notice and Exhibit "A" in the United States mail with sufficient postage affixed thereon to ensure proper delivery.

Respectfully submitted this 20th day of February, 2025.

*/s/ Sam Laguda*__
Sam Laguda, Esq.
GA Bar No. 431088
*Counsel for Plaintiff*

**EXHIBIT "A"**

| Name of Case<br>Case Number | Name of Court/<br>Judge | Opposing Counsel/<br>Party |
|---|---|---|
| **LARRY SOLOMON**<br><br>**vs.**<br><br>**FAROPOINT, BRASFIELD &<br>GORRIE LLC, BRASFIELD &<br>GORRIE, LP, FIVF-III-GA1,<br>LLC and JOHN DOE**<br><br>**CAFN:<br>24EV010213** | **State Court<br>of Fulton County**<br><br><br>**Judge Diane E. Bessen** | **Elaine C. Seymour, Esq.<br>Carothers & Mitchell, LLC<br>1809 Buford Highway<br>Buford, GA 30518<br>elaine.seymour@carmitch.com**<br>*Attorney for Defendant Faropoint*<br><br><br>**Scott Busby, Esq.<br>Christopher R. Stovall, Esq.<br>BUSBY & NEGIN, INC.<br>8200 Roberts Drive, Suite 201<br>Atlanta, Georgia 30350<br>busby@busbynegin.com<br>crs@busbynegin.com**<br>*Attorneys for Defendants Brasfield &<br>Gorrie* |

2

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**2/25/2025 4:14 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **LARRY SOLOMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 24EV010213** |
| | ) | |
| **FAROPOINT, BRASFIELD & GORRIE,** | ) | |
| **LLC, BRASFIELD & CORRIE, LP,** | ) | |
| **and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF FAROPOINT TO PLAINTIFF'S**
**AMENDED COMPLAINT**

COMES NOW Faropoint (hereinafter "Defendant") who is improperly named, was served

with a copy of the Summons and Complaint in this case, and hereby files its Answer and

Affirmative Defenses and shows the Court as follows:

**FIRST DEFENSE**

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendant

answers as follows:

**PARTIES AND JURISDICTION**

1.

Faropoint can neither admit nor deny the allegations contained in paragraph 1 of Plaintiff's

Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and

therefore denies same.

2.

Faropoint admits the allegations contained in paragraph 2 of Plaintiff's Amended

Complaint.

1

3.

Faropoint admits the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.

Faropoint can neither admit nor deny the allegations contained in paragraph 4 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

5.

Faropoint can neither admit nor deny the allegations contained in paragraph 5 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

6.

Faropoint can neither admit nor deny the allegations contained in paragraph 6 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

7.

Faropoint can neither admit nor deny the allegations contained in paragraph 7 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

8.

Faropoint admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.

Faropoint admits the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.

Faropoint admits the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.

Faropoint can neither admit nor deny the allegations contained in paragraph 11 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

12.

Faropoint denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

**FACTUAL BACKGROUND**

13.

Faropoint can neither admit nor deny the allegations contained in paragraph 13 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

14.

Faropoint denies the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

3

15.

Faropoint can neither admit nor deny the allegations contained in paragraph 15 of Plaintiff's Amended Complaint regarding the relationship between Plaintiff and Brasfield and Gorrie for want of sufficient information to form a belief as to the truth thereof, and therefore denies same regarding those allegations. As to the allegation that the property is owned by Faropoint, it is denied.

16.

Faropoint denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.

Faropoint can neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

18.

Faropoint denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.

Faropoint denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.

Faropoint can neither admit nor deny the allegations contained in paragraph 20 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

21.

Faropoint denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22.

Faropoint denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.

Faropoint denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24.

Faropoint denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.

Faropoint denies the allegations contained in paragraph 25 (a-d) of Plaintiff's Amended Complaint.

26.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

## DAMAGES

27.

Faropoint denies the allegations contained in paragraph 27 (a-f) of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any relief from this Defendant as pled therein.

5

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Faropoint upon which relief can be granted.

## THIRD DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to the negligence of some person, persons or entity other than Faropoint, and therefore Plaintiff is not entitled to recover anything from this Faropoint.

## FOURTH DEFENSE

Faropoint breached no duty owed to Plaintiff or to any third party and had no special relationship with the Plaintiff such as would give rise to any duty.

## FIFTH DEFENSE

No act or omission on the part of Faropoint caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Faropoint.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages, therefore, his claims are barred.

## SEVENTH DEFENSE

At the time and place and under the circumstances referred to in the said Amended Complaint, Plaintiff conducted himself in a negligent and careless manner and way, and his said negligence and carelessness was the sole proximate cause of or proximately contributed to the happening described therein and to the injuries and damages complained of; wherefore, Plaintiff is either barred of recovery against Faropoint or his recovery should be comparatively reduced against it.

6

## EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by others and not by any action or inaction on the part of Faropoint.

## NINTH DEFENSE

The named Defendant Faropoint is an improperly named entity and owed no duty to the Plaintiff.

WHEREFORE, Faropoint, having fully responded to Plaintiff's Amended Complaint and Demand for Jury Trial, hereby prays that it be discharged without costs.

**FAROPOINT DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE.**

This 25th day of February, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendant Faropoint

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
F:  (770) 932-6348
elaine.seymour@carmitch.com
thomas.mitchell@carmitch.com

7

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LARRY SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 24EV010213 |
| | ) | |
| FAROPOINT, BRASFIELD & GORRIE, | ) | |
| LLC, BRASFIELD & CORRIE, LP, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES OF FAROPOINT TO PLAINTIFF'S AMENDED COMPLAINT** by uploading to the Odyssey eFileGA which will automatically send e-mail notification of such filing to the following attorneys of record:

Sam Laguda, Esq.
THE LAGUDA LAW GROUP, LLC
2400 Herodian Way
Suite 145
Smyrna, GA  30080
sam@lagudalawgroup.com

Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com

This 25th day of February, 2025.

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206
Attorney for Defendant Faropoint

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
elaine.seymour@carmitch.com

8

2ND   FINAL

State Court of Fulton County
**E-FILED**
24EV010213
3/6/2025 7:54 AM
Donald Talley, Clerk
Civil Division

STATE ~~CO~~RT OF FULTON COUNTY
~~STA~~TE OF GEORGIA

Sam Laguda, Esq.
2400 Herodian Way #145
Smyrna, GA 30080
(404) 607-0507

**Attorney or Plaintiff Name and Address**

DO NOT WRITE IN THIS SPACE

LARRY SOLOMON                    VS.      BRASFIELD & GORRIE, L.L.C.
                                          C T Corporation System, 289 S Culver Street
                                          Lawrenceville, GA 30046

**Name and Address of PLAINTIFF**              **Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

DEPUTY MARSHAL

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

DEPUTY MARSHAL

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _Brasfield & Gorrie LLC_, a corporation, by leaving a copy

of the within action and summons with _Jane Richardson_ in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This _19_ day of _Feb_ _25_.      _Lt. Higgins 50541_

DEPUTY MARSHAL

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

_____

Not to be found in the jurisdiction of said Court for the following reason:

_____

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

DEPUTY MARSHAL

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

State Court of Fulton County
**E-FILED**
24EV010213
3/6/2025 7:54 AM
Donald Talley, Clerk
Civil Division

**COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Sumi Laguda, Esq.
2400 Herodian Way #145
Smyrna, GA 30080
(404) 607-0507

**Attorney or Plaintiff Name and Address**

24EV010213

DO NOT WRITE IN THIS SPACE

LARRY SOLOMON

VS.

**Name and Address of PLAINTIFF**

BRASFIELD & GORRIE, L.P.

C T Corporation System, 289 S Culver Street

Lawrenceville, GA 30046

**Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

**DEPUTY MARSHAL** _____

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

**DEPUTY MARSHAL** _____

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _Brasfield & Gorrie LP_ , a corporation, by leaving a copy of the within action and summons with _Jane Richardson_ in charge of the office and doing business of said corporation, in Fulton County, Georgia.

This _19_ day of _Feb_ , _25_ . _H. Higgins 50541_

**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

**DEPUTY MARSHAL** _____

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/6/2025 7:54 AM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| LARRY SOLOMON | * | |
|     **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE NO.:** |
| | * |     **24EV010213** |
| | * | |
| | * | |
| **FAROPOINT, BRASFIELD & GORRIE** | * | |
| **LLC, BRASFIELD & GORRIE, LP,** | * | |
| **FIVF-III-GA1, LLC** | * | |
| **and JOHN DOE** | * | |
|     **Defendants.** | * | |

**RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following person with a copy of the within and foregoing ***Plaintiff's Responses and Objections to Defendant Faropoint's First Interrogatories*** and ***Plaintiff's Responses and Objections to Defendant Faropoint's First Request for Production of Documents*** via a statutory electronic service and addressed as follows:

Elaine C. Seymour, Esq.
1809 Buford Highway
Buford, GA 30518
elaine.seymour@carmitch.com
*Attorney for Defendant Faropoint*

Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com
*Attorneys for Defendants Brasfield & Gorrie*

This 5th day of March, 2025.

Respectfully Submitted,


*/s/ Sam Laguda*_____
Sam O. Laguda, Esq.
Georgia Bar No. 431088
*Attorney for Plaintiff*


The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

**FILED IN OFFICE**

MAR 13 2025

DEPUTY CLERK STATE COURT
FULTON COUNTY. GA.

24EV010213

Sam Lagude, Esq.
2400 Herodian Way
Suite 145
Smyrna, GA 30080

Attorney or Plaintiff Name and Address

Larry Solomon

RECEIVED
MAR - 6 REC'D

VS.

Name and Address of PLAINTIFF

Farropoint % Rebekah Snider
3565 Piedmont Road, BU4 A320
Atlanta, GA 30305

Name and Address of DEFENDANT

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

_____
DEPUTY MARSHAL

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

_____
DEPUTY MARSHAL

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _Farro point_ _____, a corporation, by leaving a copy

of the within action and summons with _David Zealear_ in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This _12_ day of _March_, _2025_.

_____
DEPUTY MARSHAL

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s):

_____

Not to be found in the jurisdiction of said Court for the following reason:

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

_____
DEPUTY MARSHAL

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

Sam Lagudg, Esq
2400 Herodian Way
Suite 145
Smyrna, GA 30080

Attorney or Plaintiff Name and Address

**FILED IN OFFICE**

MAR 13 2025

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

24EV 010213

Larry Solomon                MAR - 6 RVS)

Name and Address of PLAINTIFF

FIVF-III-GA1-LLC
c/o Filejet, Inc, 11175 Cicero Drive
Ste, 191, Alpharetts, GA 30022

Name and Address of DEFENDANT

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

DEPUTY MARSHAL

**NOTORIOUS**

GEORGIA, FULTON COUNTY

I have this day served the defendant(s) _____

By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____

_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

DEPUTY MARSHAL

**CORPORATION**

GEORGIA, FULTON COUNTY

Served the defendant _FIVF-III-GA-LLC_____, a corporation, by leaving a copy

of the within action and summons with _Phedre Freund_____ in charge of the office and doing

business of said corporation, in Fulton County, Georgia.

This _12th_ day of _March_____, _2025_.

_Sgt. McCullough #423_
DEPUTY MARSHAL

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY

Diligent search made and the defendant(s): _____

Not to be found in the jurisdiction of said Court for the following reason: _____

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This _____ day of _____, _____.

DEPUTY MARSHAL

1 copy for court's records + 1 copy to be returned to Plaintiff after service attempted

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/26/2025 7:56 AM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LARRY SOLOMON**<br><br>**Plaintiff**<br><br>**v.**<br><br>**FAROPOINT, BRASFIELD & GORRIE LLC, BRASFIELD & CORRIE, LP and JOHN DOE**<br><br>**Defendants.** | **CIVIL ACTION**<br>**FILE NO. 24EV010213** |

**THIRD STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY AND JURY DEMAND**

COMES NOW, Larry Solomon, by and through his undersigned counsel, and hereby stipulates and agrees that Defendant BRASFIELD & GORRIE LLC, BRASFIELD & GORRIE, LP shall have through and including Thursday, May 15, 2025, to answer, move, or otherwise respond to Plaintiff's Complaint for Negligence, Premises Liability and Jury Demand, and to assert any and all claims or counterclaims that such Defendant may have.

Respectfully submitted this 26th day of March 2025.

/s/ Sam Laguda
Sam Laguda, Esq.
Georgia Bar No. 431088
***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within and foregoing ***Third Stipulation Extending Time to Respond to Plaintiff's Complaint*** has been served on all parties by statutory electronic service via Odyssey eFileGA as follows:

> Scott Busby
> Christopher R. Stovall
> 8200 Roberts Drive, Suite 201
> Atlanta, Georgia 30350
> busby@busbynegin.com
> crs@busbynegin.com

Respectfully submitted this 26th day of March 2025.

> */s/ Sam Laguda*
> Sam Laguda, Esq.
> Georgia Bar No. 431088
> ***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

-2-

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/26/2025 7:56 AM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LARRY SOLOMON**<br><br>   **Plaintiff**<br><br>**v.**<br><br>**FAROPOINT, BRASFIELD & GORRIE LLC, BRASFIELD & CORRIE, LP and JOHN DOE**<br><br>   **Defendants.** | **CIVIL ACTION**<br>**FILE NO. 24EV010213** |

**THIRD STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, PREMISES LIABILITY AND JURY DEMAND**

COMES NOW, Larry Solomon, by and through his undersigned counsel, and hereby stipulates and agrees that Defendant BRASFIELD & GORRIE LLC, BRASFIELD & GORRIE, LP shall have through and including Thursday, May 15, 2025, to answer, move, or otherwise respond to Plaintiff's Complaint for Negligence, Premises Liability and Jury Demand, and to assert any and all claims or counterclaims that such Defendant may have.

Respectfully submitted this 26th day of March 2025.

/s/ Sam Laguda
Sam Laguda, Esq.
Georgia Bar No. 431088
***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the within and foregoing ***Third Stipulation Extending Time to Respond to Plaintiff's Complaint*** has been served on all parties by statutory electronic service via Odyssey eFileGA as follows:

> Scott Busby
> Christopher R. Stovall
> 8200 Roberts Drive, Suite 201
> Atlanta, Georgia 30350
> busby@busbynegin.com
> crs@busbynegin.com

Respectfully submitted this 26th day of March 2025.

> */s/ Sam Laguda*
> Sam Laguda, Esq.
> Georgia Bar No. 431088
> ***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

-2-

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/27/2025 9:53 AM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LARRY SOLOMON

**Plaintiff**

v.

FAROPOINT, BRASFIELD & GORRIE
LLC, BRASFIELD & CORRIE, LP
and JOHN DOE

**Defendants.**

**CIVIL ACTION**
**FILE NO. 24EV010213**

**GRANTED**

The extension is through April 15, 2025 only.
There shall be no further extensions absent
providential cause.

March 27, 2025

**THIRD STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE
RESPOND TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, PREMISES
LIABILITY AND JURY DEMAND**

COMES NOW, Larry Solomon, by and through his undersigned counsel, and hereby

stipulates and agrees that Defendant BRASFIELD & GORRIE LLC, BRASFIELD & GORRIE,

LP shall have through and including Thursday, ~~May~~ April 15, 2025, to answer, move, or otherwise

respond to Plaintiff's Complaint for Negligence, Premises Liability and Jury Demand, and to assert

any and all claims or counterclaims that such Defendant may have.

Respectfully submitted this 26th day of March 2025.

*/s/ Sam Laguda*
Sam Laguda, Esq.
Georgia Bar No. 431088
***Counsel for Plaintiff***

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within and foregoing *Third Stipulation Extending Time to Respond to Plaintiff's Complaint* has been served on all parties by statutory electronic service via Odyssey eFileGA as follows:

> Scott Busby
> Christopher R. Stovall
> 8200 Roberts Drive, Suite 201
> Atlanta, Georgia 30350
> busby@busbynegin.com
> crs@busbynegin.com

Respectfully submitted this 26th day of March 2025.

> */s/ Sam Laguda*
> Sam Laguda, Esq.
> Georgia Bar No. 431088
> *Counsel for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way, Suite 145'
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/27/2025 3:59 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| LARRY SOLOMON | * | |
|     **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE NO.:** |
| | * | **24EV010213** |
| | * | |
| | * | |
| **FAROPOINT, BRASFIELD & GORRIE** | * | |
| **LLC, BRASFIELD & GORRIE, LP,** | * | |
| **FIVF-III-GA1, LLC** | * | |
| **and JOHN DOE** | * | |
|     **Defendants.** | * | |

<u>**RULE 5.2 CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served the following person with a copy of the within and foregoing ***Plaintiff's First Interrogatories*** and ***First Request for Production of Documents to Defendant Faropoint*** via a statutory electronic service and addressed as follows:

Elaine C. Seymour, Esq.
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
elaine.seymour@carmitch.com
*Attorney for Defendant Faropoint and FIVF-III-GA1, LLC*

Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com
*Attorneys for Defendants Brasfield & Gorrie, LLC and Brasfield & Gorrie, LP*

Respectfully submitted this 27th day of March, 2025.

*/s/ Sam Laguda*_____
Sam O. Laguda, Esq.
Georgia Bar No. 431088
*Attorney for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**3/31/2025 1:46 PM**
**Donald Talley, Clerk**
**Civil Division**

**TO:**   All Judges, Clerk of Court, and Counsel of Record

**FROM:**  Elaine C. Seymour

**RE:**   Notice of Leave of Absence

**DATE:**  March 31, 2025

   COMES NOW, ELAINE C. SEYMOUR, counsel of record in the list of cases and attached to the Certificate of Service hereto as Exhibit A, and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.  The period of leave during which time Applicant will be away from the practice of law is:

  a.  May 1, 2025 – May 5, 2025;

  b.  May 8, 2025 – May 9, 2025;

  c.  May 20, 2025 – May 30, 2025;

  d.  July 2, 2025 – July 4, 2025; and

  e.  July 23, 2025 – August 1, 2025.

2.  The purpose of the leave is for family vacation and attending to personal family obligations.

3.  All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

4.  All counsel of record have been notified of counsel's intention as specified in Georgia Uniform Court Rule 16.1.

This 31st day of March, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
F:  (770) 932-6348
elaine.seymour@carmitch.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerks and opposing counsel listed on the attached Exhibit A by depositing same in the U.S. Mail with adequate postage affixed thereto, or, where applicable, by uploading to the Odyssey eFileGA or PeachCourt eFile GA systems, which will send notice and electronic notice to all counsel of record.

This the 31st day of March, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
F:  (770) 932-6348
elaine.seymour@carmitch.com

## **EXHIBIT A**

| CASE STYLE | NAME OF JUDGE COURT/COUNTY | OPPOSING/CO-COUNSEL |
|---|---|---|
| Jennifer M. Berman and Leonard D. Berman<br><br>CAFN: 24EV005858 | Patsy Y. Porter<br><br>State Court/Fulton Co. | Melissa C. Greene<br>Taylor E. Johnson<br>Copeland Stair Valz & Lovell, LLP<br>191 Peachtree Street NE<br>Suite 3600<br>Atlanta, Georgia 30303<br>mgreene@csvl.law<br>tjohnson@csvl.law |
| Betty Ann Ferguson, In Her Capacity as the Administrator of the Estate of Robert Thomas Stephens v. Sean Steven Brown<br><br>CAFN: SUCV2022000052 | Jeffrey L. Foster<br><br>Superior Court/Walton Co. | David F. Dickinson<br>Dickinson & Willis, LLC<br>338 North Broad Street<br>Monroe, Georgia 30655<br>david@dickinsonwillis.com |
| Larry Solomon v. Faropoint, Brasfield & Gorrie, LLC, Brasfield & Gorrie, LP, FIVF-III-GA1, LLC and John Doe<br><br>CAFN: 24EV010213 | Diane E. Bessen<br><br>State Court/Fulton Co. | Sam Laguda<br>The Laguda Law Group, LLC<br>2400 Herodian Way<br>Suite 145<br>Smyrna, Georgia 30080<br>sam@lagudalawgroup.com<br><br>Scott Busby<br>Christopher R. Stovall<br>Busby & Negin, Inc.<br>8200 Roberts Drive<br>Suite 201<br>Atlanta, Georgia 30350<br>busby@busbynegin.com<br>crs@busbynegin.com |

| CASE STYLE | NAME OF JUDGE COURT/COUNTY | OPPOSING/CO-COUNSEL |
|---|---|---|
| Madalyn Wallace v. Clayton County Water Authority and Puris Georgia, LLC d/b/a Inland Pipe Rehabilitation, LLC CAFN:  2024CV05257 | Margaret Spencer State Court/Clayton Co. | Danielle Bess Teri Fields South Atlanta Injury Lawyers 157 S. McDonough Street Jonesboro, Georgia 30236 dbo@southatlantainjurylawyers.com tdf@southatlantainjurylawyers.com Gwendolyn D. Havlik Drew Eckl & Farnham, LLP 303 Peachtree Street NE Suite 3500 Atlanta, Georgia 30308 ghavlik@deflaw.com |

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

LARRY SOLOMON                    *
     Plaintiff,                *
                               *

vs.                              *         CIVIL ACTION FILE NO.:
                               *         24EV010213
                               *
                               *

FAROPOINT, BRASFIELD & GORRIE *
LLC, BRASFIELD & GORRIE, LP,     *
FIVF-III-GA1, LLC                *
and JOHN DOE                     *
     Defendants.               *

## PLAINTIFF'S RESPONSE TO DEFENDANT FAROPOINT'S FIRST INTERROGATORIES

COMES NOW, PLAINTIFF LARRY SOLOMON, by and through his undersigned counsel, and, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36 hereby responds to Defendant's First Interrogatories as follows:

## GENERAL OBJECTIONS

1.

Plaintiff objects to these interrogatories to the extent that they seek information that is protected by the attorney-client privilege and work-product immunity. Plaintiff does not intend to disclose such privileged information and any inadvertent disclosure thereof shall not be construed as a waiver of any privilege with respect to such information or of any other information or of any work product protection which may attach to such information or any other information.

2.

Plaintiff objects to these interrogatories and requests to the extent they seek information or documents not in the possession, custody, or control of Plaintiff.

3.

Plaintiff objects to these interrogatories and requests to the extent they seek information or documents already in the custody or control of Defendant.

4.

Plaintiff objects to these interrogatories and requests to the extent they seek information or documents that are not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Each and every General Objection is incorporated, by reference, into the Response to each and every separately-numbered interrogatory and request. All Responses are made without waiver of any of the General Objections stated.

6.

Plaintiff objects to the instructions and definitions contained in the interrogatories and requests to the extent that they purport to place burdens upon Plaintiff in excess of or in addition to those contained in the Georgia Civil Practice Act.

7.

Plaintiff's responses to these interrogatories and requests are based on the best of Plaintiff's present knowledge, information, and belief, and upon the results of a reasonable search for documents responsive to these requests. Plaintiff's responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and while based on the present state of Plaintiff's current recollection, is subject to such refreshing recollection, and such additional knowledge of facts, as may well result from further discovery or investigation.

8.

These objections and responses are made without waiver of:

(a)    Any and all objections as to competency, relevancy, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings;

(b)    The right to object to the use of any such responses or the subject matter thereof on any ground, in any other further proceedings in this action;

(c)    The right to object on any ground at any time to interrogatories or document production requests seeking further responses to these or other interrogatories involving or relating to the subject matter of the interrogatories herein responded to; and/or

-2-

(d)    The right at any time to revise, correct, supplement, or clarify any of the responses contained herein;

9.

Further, Plaintiff objects to each and every interrogatory and request to the extent that any such interrogatory and/or request:

(a)    Calls for information that can be more appropriately and efficiently elicited through depositions upon oral examination;

(b)    Is overly broad, vague, and ambiguous, requiring this defendant to engage in a lengthy, time consuming and expensive search for information with no specific guidance as to what information is requested pursuant to each request;

(c)    Seeks information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

(d)    Seeks communications and/or documents, which were prepared or made by other persons and/or entities.    Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others and therefore, Plaintiff is justified in requesting that Defendant(s) obtain such information from other persons and/or entities;

(e)    Calls for information subject to the attorney/client privilege, prepared in anticipated of litigation or in anticipation for trial, or attorney work product, which is confidential or proprietary in nature, or any other privilege;

(f)    Seeks information concerning issues upon which discovery is not yet complete; and/or

(g)    Seeks information, retrieval or compilation of which would be unduly burdensome on the Plaintiff.

Subject to the foregoing objections, on the basis of information now known to Plaintiff and Plaintiff's counsel, and without waiving any of the foregoing objections or admitting the relevancy of materiality of any of the information sought by the Defendant or contained in the following answers, Plaintiff responds to the Defendant's First Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

### 1.

Please state your full name (including every other name by which you have been known), your date and place of birth, your Social Security Number, and your driver's license number, identifying the issuing state.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Name: Larry Olaniyi Solomon**
**Date of Birth:** ▮▮▮▮▮▮
**Country of Birth: Lagos, Nigeria**
**Social Security #:** ▮▮▮▮▮▮
**Driver's License #:** ▮▮▮▮▮▮
**Issue Date: 07/13/2023**

### 2.

Please give the complete address of each place where you have resided during the past ten (10) years, stating the inclusive date of your residency at each such address and identify the address at which you were living at the time of the incident complained of and the persons residing at that address at that time.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Current Address: 4092 Sweetsprings Terrace**
**Powder Springs, GA 30127**

3.

If you have ever been married, please state, for each marriage, your spouse's full name and age, the date and place of your marriage (and divorce if applicable), and the names, ages, and residences of all children, if any, born of the marriage or adopted during the marriage.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

> **Former Marriage: Oluwakemi Kikelomo Solomon**
> **Date of Marriage: 04/23/2001**
> **Place of Marriage: Cobb County, GA**
> **Date of Divorce: 04/20/2023**
> **How Marriage ended: Divorce**
> **Place of Divorce – Cobb County, GA**

4.

Please give your employment or occupational background for the past ten (10) years, stating the name and address of each employer (if self-employed, your business), the date of each employment, the job title at each employment, the hours worked per week at each employment, and if lost wages are being sought in this lawsuit, the highest wage or salary earned at each employment.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

> **Employment: Brasfield & Gorrie LLC.**
> **Address: 3021 Seventh Avenue, South Birmingham, AL 30233**
> **From: 06/05/2002 - Present**
> **Occupation: Field Engineering**

- 5 -

Hours Worked per Week: Over 55 Hours per Week
Wages: $80,000

5.

Please give your complete educational background, providing the names of schools attended, corresponding dates of attendance, and degrees received.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

School Name: Jersey City State College
Dates: 1983-1987 (Accounting)
Degree: Associates

6.

If you have ever been prosecuted or convicted of a crime punishable as either a misdemeanor or a felony (to include traffic offenses), please state, as to each instance, the crime charged, the date of prosecution or conviction, the court having jurisdiction (identified by court, county, and state), and the resolution.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

1. Offense: DUI and Giving False Name
Date Arrested: 01/30/1999
Place: Douglasville, GA
Disposition: Ten days confinement and eleven-months probation

2. Offense: DUI
Date Arrested: 09/21/1997
Place: Atlanta, GA

- 6 -

**Disposition: 24 hours confinement and fine**

7.

If you have ever been a party to any other litigation prior to or contemporaneous with this lawsuit, please state the nature of the suit, the style of the case (identified by court, county, and state), and its case number.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: Divorce, Cobb County Superior Cour, Case No.: 23101723.**

8.

If you have ever made a claim to any insurance company or against another person or entity for workers' compensation, medical expenses, pain and suffering, lost wages, or personal injury or illness of any type, please state the nature of the claim, the claim number or other reference number, and the person or entity to or against whom the claim was made, and the disposition of such claim.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: Pending Workers Compensation Claim – 2024-020030 – Brasfield & Gorrie; Pending Auto UM Demand - Progressive Insurance, Claim No.: 24-5812828**

9.

Describe in specific factual detail exactly how the incident referred to in the Complaint occurred.

It was a rainy day. Even when I was coming to work in the morning, it was raining heavily. So, I parked my car in there. When it is raining, I don't open the gate. By the time I looked at the time, it was like 7:02 am - 7:03 am. So, I tried to pull in, you know, back out from where I was. I'm pulling to the gate, then I park. When I parked, I park on a double line, double line, you know, because it was dark and it was raining, and I was covering the line and so that the other person who was going to park next to me can park within the space. I backed up, so I could straighten my hands, that's when, you know, I was in bad weather. Everything just happened. The car just took off. It was slippery. I just went through the bushes, and by the time I landed down in the ditch, the airbags deployed and my arm broke. Everything happened within that minute. And I just passed out right there, and I didn't -- I can't recollect anything since then. And by the time I got to the bottom of the ditch, airbag, glass shatter, everything, all rips, and the airbags knocked me out. I just fainted. And I couldn't open the door. The door was stuck, and I couldn't remember anything until after eight when somebody, on the other side of the ditch, from a residential area, a person who was walking his or her dog, found me. I don't know who the person was. Theu just saw a car running in the ditch.

Mr. Solomon to sustain a significant amount of property damages and personal injuries. Unfortunately, Mr. Solomon was trapped inside his vehicle and stayed in the ditch for a long period of time before he was discovered by a passerby and was consequently rescued. At the time of this accident, Mr. Solomon was wearing his seatbelt and following other precautionary measures and was unprepared for the accident that occurred. Mr. Solomon suffered extensive injuries including broken ribs, broken bones, head injury, shoulder, wrist, injuries and general body pain. Thereafter, Mr. Solomon was transported to the Grady Memorial Hospital, Atlanta, Georgia, where he was on admission for about sixteen (16) days, and he had surgeries to his right wrist, the dominant hand, his ribs and Mr. Solomon currently has lingering effects of the accident.

Mr. Larry Solomon was in pain and shock at the scene of the accident. Mr. Solomon was transported by an ambulance to Grady Medical Center, Atlanta. Georgia where he was treated for injuries resulting from the accident, specifically Mr. Solomon had to undergo surgeries on his wrist, ribs and other parts of his body. The treating physician ordered x-rays and recommended a course of action for Larry Solomon, including follow-up visits with specialists and a myriad of medications and treatments.

10.

If you were injured in the incident complained of, describe in detail the nature of each and every injury you claim you sustained.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Please note that since the accident, Plaintiff began to experience worsening overall body pains and headaches following the accident as he still complains of stiffness in his neck, neck pain, mid and lower back. Mr. Solomon, the Plaintiff, also suffers from post-traumatic headaches and severe driving phobia.**

**Plaintiff Larry Solomon had found his symptoms a difficult burden to bear; the pain has continuously burdened his wrist, ribs, neck and back. He has suffered much discomfort in his normal day-to-day activities such as driving, sitting, and standing for long periods of time, bending forward, lifting, taking short walks and climbing steps. In addition, please see Response to 9 above.**

11.

With regard to any evaluation, diagnosis, care and treatment received for any injury claimed as a result of the incident referred to in the Complaint, please state the following:

(a)    the name and address of every health care provider, including but not limited to physician, surgeon, chiropractor, dentist, psychologist, therapist, counselor, practitioner of any healing art, hospital, and clinic, (collectively, "provider") who provided services to you;

(b)    approximate number of visits to each provider, including the dates of each such visit;

(c)    your understanding of the treatment and/or services provided to you by each provider;

(d)    any medications you are currently taking and the reasons for taking; and

(e)    an itemization of all charges incurred for the services provided by each provider.

<u>RESPONSE</u>: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:

A. **Grady Memorial Hospital (Emergency Room)**
   Address: 80 Jesse Hill Jr Dr SE, Atlanta, GA 30303
   Attending Physician: James Blair, MD, Jack Saltz, MD
   Advanced Practice Provider: Caroline Brockmeier, Surgeon; Johnathan Nguyen
   Admission to Hospital: 02/12/2024 - 02/27/2024

B. **Approximate number of visits after 02/27/2024: more than 15 times**

C. **Treatment and Services provided by Grady Department of Orthopedics**
   Laceration of Liver/Liver Injury
   Peritoneal Bleeding
   Injury with air and blood accumulating between lungs and chest wall
   Fracture of multiple ribs
   Open TX Radical & Ulnar FX, fix Radical and Ulna.
   PR Open TX Rib FX W/FIXJ thoracoscopic right UIS 4-6 ribs.
   Procedure: Open treatment, fracture, unilateral, 4-6 ribs, with internal fixation.
   Surgeon: Nguyen, Jonathan, D.O;
   Location: Grady Memorial Hospital

D. Acetaminophen (Tylenol) 500 MG- tab.
   Amlodipine (Norvasc) 5 MG- tab.
   Gabapentin (Neurontin) 300 MG – capsule
   Oxycodone 1R- 5 MG
   Immediate Release Tablet:
   Tizanidine (Zanaflex) 4 MG- tab.
   Sulfamethoxazole (Timethoprim) 800-160 MG per tab
   Polyethylene Glycol (Miralax) 17 gm per scoop

E. **Itemized Medical Bill attached.**

12.

To the extent not otherwise identified, please list every health care provider, including but not limited to physician, surgeon, chiropractor, dentist, psychologist, therapist, counselor, or

practitioner of any healing art, who has examined or treated you or who has consulted with you during the past ten (10) years until present <u>for any reason</u>, giving the name and address of each such provider and the date of and reasons for each such examination, treatment, or consultation.

**<u>RESPONSE</u>: Plaintiff objects to this Interrogatory to extent that it is beyond the scope of the subject matter of this case because it infringes on the Plaintiff's privacy rights and this request is unduly vexatious and unduly burdensome and furthermore it is irrelevant to the subject matter of Plaintiff's claims. However, if the request is for non-privileged information, Plaintiff responses as follows:**

- **Grady Memorial Hospital**
- **Piedmont Hospital - Orthopaedics Surgeons:**
- **Nyugen, Jonathan, D.O. (Grady)**
- **Dr. Sierra Phillips (Piedmont)**
- **Dr. Sanjeev (Piedmont)**
- **Dr. Wyatt (Cobb Hospital)**
- **Dr. Jack Salz (Primary M.D)**

13.

To the extent not otherwise identified, if you have been a patient, on an in-patient or out-patient basis, in any hospital, infirmary, clinic, sanitarium, asylum, or other similar facility during the past ten (10) years until the present <u>for any reason</u>, please describe each such occasion by giving the name and address of each institution, the dates of each admission and discharge, the reason for each such visit, and the name of your chief attending physician, surgeon, osteopath, or other practitioner of the healing arts during each such visit.

**<u>RESPONSE</u>: Plaintiff objects to this Interrogatory to extent that it is beyond the scope of the subject matter of this case because it infringes on the Plaintiff's privacy rights and this request is unduly vexatious and unduly burdensome and furthermore it is irrelevant to the subject matter of Plaintiff's claims. However, if the request is for non-privileged information, Plaintiff responses as follows:**

**Out-Patient at Piedmont Orthopedics (Ortho Atlanta Austell)**
**Address: 3672 Marathon Circle, Austell, GA 30106**

- 11 -

**Procedures: Removal of a C13 on my left wrist and Removal of Ganglion Cyst of Dorsum of right wrist.**

### 14.

If you have ever injured any part of your body that you claim was injured in the incident complained of, please give a brief description of each such injury, including the date the injury occurred, and identify the attending physician or other practitioner of the healing arts which treated you for the injury or any condition resulting from the injury.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

### 15.

Please describe any congenital or developmental condition that you have had or have now, including the date any such condition began, and identify the attending physician or other practitioner of the healing arts who has treated you for any such congenital or developmental condition.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

### 16.

If you have ever been involved in any other incidents or accidents which may or may not have resulted in personal injury or serious illness, please give a brief description of each such incident or accident, including when and where each occurred, and state the names and addresses

of any other parties involved, the names and addresses of any insurance company involved, and the types of any injuries or illnesses which may have been sustained.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

> Involved in an automobile accident on December 11th, 2024, which resulted in personal injury. I do not have the party's information. Pending.
> My insurance: Progressive
> Claim #: 24-232004819

### 17.

If you have ever taken any drugs or other medications within the past ten (10) years (either before or after the incident complained of) in connection with any injury, complaint, or condition, please state the name of and the reason for taking each, the dates taken, and the name and address of the prescribing physician and identify any medications you are currently taking for any reason.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it is beyond the scope of the subject matter of this case because it infringes on the Plaintiff's privacy rights and this request is unduly vexatious and unduly burdensome and furthermore it is irrelevant to the subject matter of Plaintiff's claims. However, if the request is for non-privileged information, Plaintiff responses as follows:**

> **Medication taken BEFORE the Injury:**
> - **Pioglitazone- 30 mg (Diabetes)**
> - **Metformin- 1000 mg (Diabetes)**
> - **Creon- 12,000-38,000-60,000 unit (Diabetes)**
> - **Simuastating- 20 mg (Cholesterol)**
>
> **Medication taken AFTER the Injury :**
> - **Hydrocodone**

- **Amlodipine- 5 mg**
- **Gabapentin- 300 mg**
- **Acetaminophen- 500 mg**
- **Ferrous Sulfate- 325 mg**
- **Ibuprofen – 800 mg**

18.

If you claim that you have been prevented from working at any time as a result of the incident complained of, please state all dates on which you were absent from work as a result of this incident, the amount of any lost wages or salary claimed, how such lost wages and/or salary were calculated and whether you have received any collateral payment (workers' compensation, sick leave pay, disability insurance, income protection insurance, or other) on account of any such loss of the time from work or lost income. If collateral payment has been made, please state the amount, source of payment, and date of each such payment.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

> **Absent from work as a result of the incident: 02/12/2024 - 08/26/2024**
> **Lost Wages from 02/12/2024 - 08/26/2024 : Over $60,000.00**
> **No Collateral Payment Received.**

19.

State completely the nature and amount of any and all alcoholic beverages, narcotics, sedatives, tranquilizers, and/or medication which you had consumed within the 24-hour period immediately preceding the incident complained of.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence**

- 14 -

at trial. **Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:  None.**

20.

Where had you been prior to the incident complained of, and what were your plans for the remainder of the day if the incident had not occurred?

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Prior to the incident, I was at home. The incident happened when I got to work. My plan was to go home after work.**

21.

Please identify your cell phone number, service provider, account number, and name on the cell phone account at the time of the incident complained of.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Phone # :** ▮▮▮▮▮▮▮ **/ Provider: T-Mobile**

**Name on the phone Account: Larry Solomon and Tomi Ameen**

22.

If you were using your cell phone before, during, or after the subject incident occurred, please identify to whom you were speaking, texting, and/or communicating.

**RESPONSE**: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: Plaintiff did not use his cell phone before, during or after the accident.

23.

Please identify any social media including Facebook, Instagram, Twitter, Vine or similar entity to which you subscribed at the time of the incident complained of and for each, identify the name or email associated with each, the password associated with each, and on which, if any, you have posted any information, statements, pictures, or digital representations relating to any aspect of the subject incident or the claims being made in the lawsuit.

**RESPONSE**: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:

**Social Media: Facebook and Instagram**

**Neither of the two accounts are operational**

**Email Address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24.

Please state the name, address, employer, and present whereabouts of every person who: (a) was a witness to the incident complained of; or (b) has any knowledge of any facts pertaining to any issue in this case.

**RESPONSE**: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and

- 16 -

without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.

25.

If you have or if anyone acting for you has obtained from any person named in response to Interrogatory No. 24 above any statement (written, oral, or recorded) concerning any aspect of this litigation, please identify each such statement by stating the name of the person giving the statement, the name of the person taking the statement, the date of the statement, and the present custodian of the statement.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

26.

If there are any photographs, videotapes, drawings, digital, or other pictorial representations of any aspect of the incident complained of (scene, vehicle, physical object, or person), please identify each, the date each was taken and by whom, and state the present location and the name of the person having possession, custody, or control of such.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: See Response to Request No. 9 of Defendant's First Request for Production of Documents.**

27.

If there are other "books, documents, or other tangible things" which prove, support, or constitute evidence of any fact or circumstance upon which your claim in this litigation is based, please describe all such "books, documents, or other tangible things."

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

28.

Identify each person whom you expect to call as an expert witness upon the trial of this action, as well as all reports or documents received from each such expert, and state the subject matter upon which such expert is expected to testify, including the substance of the facts and opinions to which such expert witness is expected to testify and a summary of the ground for each such opinion.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None at this time.**

29.

With respect to each policy of automobile insurance and health insurance (individual or group) under which you have been insured within the last ten (10) years, including at the time of the incident complained of, please state (a) the name and address of the insurance company; (b) the policy number; (c) the named insured on the policy; (d) the identification number and/or

group number for the policy; (e) the inclusive dates of coverage; (f) the type of insurance provided; and (g) the date and a complete description of each claim submitted.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Automobile Insurance: Progressive Bayside Insurance Co.**
**Date of Coverage- Over 20 years**
**Healthcare Insurance: Blue Cross and Blue Shield of Alabama**
**Date of Coverage – Over 20 years**

30.

Please itemize all special damages you are claiming in this lawsuit, including but not limited to property damage, medical expenses, and lost wages, and identify all documents which you contend support such damages. For each, state the amount of damages you seek and explain how such amount was calculated.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following:**

**Property Damage**
**Past and future medical expenses**
**Lost Wages**
**Psychological and Emotional Distress**
**Amount claimed to be determined**

31.

Please describe as accurately as possible the substance of any statements which you heard anyone whom you believe was an employee or agent of Defendant make at any time concerning the cause of the alleged incident or the circumstances surrounding the incident.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

32.

Please identify any insurer, medical service provider or employer (including but not limited to any hospital, the Georgia Department of Medical Assistance, Medicare, CHAMPUS, Workers' Compensation, or ERISA plan) that has made payments or provided any benefits to you in connection with the claims asserted in this case, and specify the type of benefits received and the amount of payments or benefits provided.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

33.

Please state whether you have received any notice of a lien or a claim for reimbursement or subrogation pertaining to any payments for medical services or benefits paid in connection with the claims asserted in this case, including but not limited to liens or claims from hospitals,

Workers' Compensation, ERISA, the Georgia Department of Medical Assistance, Medicare, and any claims under the Medical Recovery Act (i.e., CHAMPUS).

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

34.

If you have filed for bankruptcy within the last ten (10) years, please identify the court in which the bankruptcy was filed and provide the style of the case and the case number relating to each bankruptcy filed.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

35.

Please identify all statutes, ordinances, regulations, building codes, rules and specifications of negligence, whether state or federal, including specific provisions or subsections, which you contend Defendant violated in connection with the alleged incident.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: O.C.G.A. § 51-3-1; to be supplemented.**

36.

Do you believe that anyone other than Defendant currently named in the lawsuit caused or contributed to your alleged injuries and damages? If so, please identify that person(s) and state specifically how he or she caused or contributed to your alleged damages.

**RESPONSE: Plaintiff objects to this Interrogatory to extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects to this Interrogatory on the grounds it is overly broad and without limitation in time, scope, or matter. Subject to and without waiving the foregoing objections, Plaintiff shows the following: None.**

This 5th day of March, 2025.

Respectfully Submitted,

*/s/ Sam Laguda*
Sam O. Laguda, Esq.
Georgia Bar No. 431088
*Attorney for Plaintiff*

The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **LARRY SOLOMON** | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **CIVIL ACTION FILE NO.:** |
| | * | **24EV010213** |
| | * | |
| | * | |
| **FAROPOINT, BRASFIELD & GORRIE** | * | |
| **LLC, BRASFIELD & GORRIE, LP,** | * | |
| **FIVF-III-GA1, LLC** | * | |
| and **JOHN DOE** | * | |
| Defendants. | * | |

## VERIFICATION

I, LARRY SOLOMON, personally appeared before the undersigned Notary Public, and say under oath that I am the Plaintiff in the above-styled action and that the facts stated in this *Plaintiff's Response to Defendant Faropoint's First Interrogatories* are true and correct.

This _5_ day of ___March___, 2025.

_Larry O. Solomon_
LARRY SOLOMON (Plaintiff)

Sworn to and subscribed before me
this _5th_ of _March_ 2025.

_Silvia Daniels_
Notary Public.
My Commission Expires: 7/22/26

SILVIA DANIELS
MY COMMISSION EXPIRES
JULY
22
2026
COBB COUNTY, GA.
NOTARY PUBLIC

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

**LARRY SOLOMON**
    **Plaintiff,**

vs.

**FAROPOINT, BRASFIELD & GORRIE**
**LLC, BRASFIELD & GORRIE, LP,**
**FIVF-III-GA1, LLC**
**and JOHN DOE**
    **Defendants.**

CIVIL ACTION FILE NO.:
    24EV010213

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT FAROPOINT'S FIRST INTERROGATORIES** via statutory electronic service to the following counsel:

Elaine C. Seymour, Esq.
1809 Buford Highway
Buford, GA 30518
elaine.seymour@carmitch.com
*Attorney for Defendant Faropoint*


Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com
*Attorney for Defendants Brasfield & Gorrie*


This 5ᵗʰ day of March, 2025.

- 24 -

Respectfully Submitted,


*/s/ Sam Laguda*
Sam O. Laguda, Esq.
Georgia Bar No. 431088
*Attorney for Plaintiff*


The Laguda Law Group, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
Ph: (404) 607-0507
Fax: (404) 607-0510
sam@lagudalawgroup.com

- 25 -

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV010213**
**4/2/2025 9:34 AM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| **LARRY SOLOMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 24EV010213** |
| **v.** | ) | |
| | ) | |
| **FAROPOINT, BRASFIELD & GORRIE** | ) | |
| **LLC, BRASFIELD & GORRIE, LP,** | ) | |
| **FIVF-III-GA1, LLC, and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**FIVF-III-GA1, LLC TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW FIVF-III-GA1, LLC (hereinafter "Defendant") who was served with a copy of the Summons and Complaint in this case, and hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and shows the Court as follows:

**FIRST DEFENSE**

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

**PARTIES AND JURISDICTION**

1.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 1 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

2.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

1

3.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 4 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

5.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 5 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

6.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 6 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

7.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 7 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

8.

FIVF-III-GA1, LLC admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

2

9.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.

FIVF-III-GA1, LLC admits the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 11 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

12.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

**FACTUAL BACKGROUND**

13.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 13 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

14.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

3

15.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 15 of Plaintiff's Amended Complaint regarding the relationship between Plaintiff and Brasfield and Gorrie for want of sufficient information to form a belief as to the truth thereof, and therefore denies same regarding those allegations.  As to the allegation that the property is owned by Faropoint, it is denied.

16.

FIVF-III-GA1, LLC admits that it owns the property located at 2005 Marietta Road, Atlanta, Georgia 30318, but denies all other allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

18.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.

FIVF-III-GA1, LLC can neither admit nor deny the allegations contained in paragraph 20 of Plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and therefore denies same.

21.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 25 (a-d) of Plaintiff's Amended Complaint.

26.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

## DAMAGES

27.

FIVF-III-GA1, LLC denies the allegations contained in paragraph 27 (a-f) of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any relief from this Defendant as pled therein.

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim against FIVF-III-GA1, LLC upon which relief can be granted.

## THIRD DEFENSE

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to the negligence of some person, persons or entity other than FIVF-III-GA1, LLC, and therefore Plaintiff is not entitled to recover anything from this FIVF-III-GA1, LLC.

## FOURTH DEFENSE

FIVF-III-GA1, LLC breached no duty owed to Plaintiff or to any third party and had no special relationship with the Plaintiff such as would give rise to any duty.

## FIFTH DEFENSE

No act or omission on the part of FIVF-III-GA1, LLC caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from FIVF-III-GA1, LLC.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages, therefore, his claims are barred.

6

**SEVENTH DEFENSE**

At the time and place and under the circumstances referred to in the said Amended Complaint, Plaintiff conducted himself in a negligent and careless manner and way, and his said negligence and carelessness was the sole proximate cause of or proximately contributed to the happening described therein and to the injuries and damages complained of; wherefore, Plaintiff is either barred of recovery against FIVF-III-GA1, LLC, or his recovery should be comparatively reduced against it.

**EIGHTH DEFENSE**

Plaintiff's injuries and damages, if any, were caused by others and not by any action or inaction on the part of FIVF-III-GA1, LLC.

WHEREFORE, FIVF-III-GA1, LLC, having fully responded to Plaintiff's Amended Complaint and Demand for Jury Trial, hereby prays that it be discharged without costs.

**FIVF-III-GA1, LLC DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE.**

This 2nd day of April, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Elaine C. Seymour*
ELAINE C. SEYMOUR
Georgia Bar No. 535206
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendant FIVF-III-GA1, LLC

1809 Buford Highway
Buford, GA 30518
T:  (770) 932-3552
F:  (770) 932-6348
elaine.seymour@carmitch.com
thomas.mitchell@carmitch.com

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **LARRY SOLOMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 24EV010213** |
| **v.** | ) | |
| | ) | |
| **FAROPOINT, BRASFIELD & GORRIE** | ) | |
| **LLC, BRASFIELD & GORRIE, LP,** | ) | |
| **FIVF-III-GA1, LLC, and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES OF FIVF-III-GA1, LLC TO PLAINTIFF'S AMENDED COMPLAINT** by uploading to the Odyssey eFileGA which will automatically send e-mail notification of such filing to the following attorneys of record:

Sam Laguda, Esq.
THE LAGUDA LAW GROUP, LLC
2400 Herodian Way
Suite 145
Smyrna, GA 30080
sam@lagudalawgroup.com

Scott Busby, Esq.
Christopher R. Stovall, Esq.
BUSBY & NEGIN, INC.
8200 Roberts Drive, Suite 201
Atlanta, Georgia 30350
busby@busbynegin.com
crs@busbynegin.com

This 2nd day of April, 2025.

/s/ Elaine C. Seymour
ELAINE C. SEYMOUR
Georgia Bar No. 535206
Attorney for Defendant FIVF-III-GA1, LLC

1809 Buford Highway
Buford, GA 30518
T: (770) 932-3552
elaine.seymour@carmitch.com

8